## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BRYANT DENNINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:16cv926 |
| ) | |
| STEPHENIE R. BRATHWAITH, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on the filing dated May 15, 2017, from Bryant Dennings (the "Plaintiff") (Docket Entry 14) (the "Refund Motion"). In the Refund Motion, Plaintiff seeks removal of the filing fee associated with this action from "[his] account because [he] never file [sic] no such case." (Id. at 1.)[1] For the reasons that follow, the Court should deny the Refund Motion.

### BACKGROUND

On July 1, 2017, the United States District Court for the Eastern District of North Carolina (the "Eastern District") Clerk's Office received (see Docket Entry 1-1 at 1) and filed (see Docket Entry 1 at 1) a complaint pursuant to 42 U.S.C. § 1983 brought by "Bryant Dennings," "Inmate Number 0695992," against "Stephenie R. Brathwaith" (id. (the "Complaint") at 1-2). In connection with the

---

1 Citations herein to Docket Entry pages utilize the CM/ECF footer's pagination. For legibility purposes, this Opinion uses standardized capitalization in all quotations from Plaintiff's materials.

Complaint, "Bryant Dennings" submitted an "Application to Proceed in District Court without Prepaying Fees or Costs" (Docket Entry 2) (the "IFP Application") and multiple "North Carolina Department of Public Safety Trust Fund Account Statement[s]" for the "Dennings, Bryant T." account, which covered much of the period from March 14, 2016, to June 20, 2016 (Docket Entry 3).  The following week, "Bryant Dennings" submitted an "Affidavit in Support of Request to Proceed *In Forma Pauperis*" (Docket Entry 7) (the "IFP Affidavit"), as well as a "North Carolina Department of Public Safety Trust Fund Account Statement" for the "Dennings, Bryant T." account during the period of June 27, 2016, through July 4, 2016 (Docket Entry 6). The Affidavit bears a <u>notarized</u> signature of "Bryant Dennings" dated June 8, 2016.  (<u>See</u> Docket Entry 7 at 1-2.)

Without ruling on the IFP Application, the Eastern District transferred the action to this Court on July 8, 2016.  (<u>See</u> Docket Entry 8 at 1-2; <u>see also</u> Docket Entries dated July 1, 2016, to July 8, 2016.)  Thereafter, on July 28, 2016, this Court (per the undersigned United States Magistrate Judge) granted the IFP Application.  (<u>See</u> Docket Entry 10.)  In so doing, the Court ordered Plaintiff to submit "an initial payment of $5.93" within 60 days and further ordered "Plaintiff's trust officer . . . to pay to the Clerk of this Court 20% of all deposits to [Plaintiff's] account starting with the month of September of 2016, and thereafter each time that the amount in the account exceeds $10.00

2

until the [total] filing fee has been paid." (Id. at 2-3.) The Court also warned that "FAILURE TO COMPLY WITH THIS ORDER IN A TIMELY MANNER WILL RESULT IN DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE TO PLAINTIFF." (Id. at 4 (emphasis in original).)[2]

Plaintiff failed to make the required initial payment. (See Docket Entries dated July 28, 2016, to Oct. 7, 2016.) Accordingly, on October 7, 2016, the undersigned recommended dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (the "Rules"). (See Docket Entry 11 (the "Recommendation") at 3.) The Clerk mailed Notice of the Recommendation to Plaintiff (see Docket Entry 12), but Plaintiff failed to timely respond to the Recommendation pursuant to Rule 72(b)(2) (see Docket Entries dated Oct. 7, 2016, to Nov. 4, 2016). As such, on November 4, 2016, the Court (per United States District Judge Loretta C. Biggs) adopted the Recommendation and dismissed this action pursuant to Rule 41(b). (See Docket Entry 13 at 1.) Plaintiff did not appeal or otherwise challenge that dismissal. (See Docket Entries dated Nov. 4, 2016, to present.) Indeed, no further activity occurred in this action until May 3, 2017, when the Court received the first payment (of eleven cents) towards the

---

[2] The Court additionally stayed proceedings in this action "until Plaintiff ha[d] either (1) submitted to the Court the initial payment noted above, or (2) in the alternative ha[d] submitted a motion for relief from the stay, and a statement made under penalty of perjury that he ha[d] not had access to any funds for initial payment noted above for the 60-day period." (Docket Entry 10 at 3.)

unpaid filing fee (see Docket Entry dated May 3, 2017). (See generally Docket Entries dated Nov. 4, 2016, to May 3, 2017.) Shortly thereafter, Plaintiff filed the Refund Motion. (See Docket Entry 14 at 1.)

**DISCUSSION**

The Refund Motion seeks "a court order for [getting] this filing fee [Plaintiff] ha[s] on [his] account taken off." (Id.) In support of the Refund Motion, Plaintiff maintains that he does not know "Stephenie R. Brathwaith" and "ha[s] no clue of this case or nothing." (Id.) Plaintiff further contends that he "ha[s] no knowledge of such civil docket for case 1:16-cv-00926-LCB-LPA" and "never file[d] no such case." (Id.) Instead, Plaintiff asserts, "someone or other prisoner forged [his] name and signature to file this 42:1983." (Id.)

In light of these assertions and the liberal construction afforded pro se filings, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), the undersigned analyzes the Refund Motion as a Rule 60(b) request for relief. "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). As relevant here, Rule 60(b) authorizes the Court to "relieve a party . . . from a final judgment, order, or proceeding"

for "fraud," Fed. R. Civ. P. 60(b)(3), or for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6).

To prevail on a Rule 60(b) motion, "a party must [first] demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances. After a party has crossed this initial threshold, [he] then must satisfy one of the six specific sections of Rule 60(b)." Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017) (internal quotation marks and citation omitted). To obtain relief pursuant to Rule 60(b)(3), a party must "prove the misconduct complained of by clear and convincing evidence and demonstrate that such misconduct prevented him from fully and fairly presenting his claim or defense." Square Constr. Co. v. Washington Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981). Meanwhile, "only truly extraordinary circumstances will permit a party successfully to invoke the 'any other reason' clause of [Rule] 60(b)[(6)]." Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011) (en banc) (certain internal quotation marks omitted). Thus, circumstances that "fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)" or that "could have been addressed on appeal from the judgment" do not qualify for Rule 60(b)(6) relief. Id. at 500-01.

Here, Plaintiff seeks relief from his obligation to pay the filing fee. (See Docket Entry 14 at 1.) In support of his

request, Plaintiff maintains that he did not file this case and that "someone or other prisoner forged [his] name and signature to file this 42:1983." (Id.) However, even assuming that it satisfies the Rule 60(b) threshold requirements, see Wells Fargo, 859 F.3d at 299, the Refund Motion fails to justify Rule 60(b) relief.

To begin with, because Plaintiff did not make his allegations under penalty of perjury (see Docket Entry 14 at 1), the Refund Motion lacks evidentiary value. See Wilbanks v. Simmons, No. 1:13cv167, 2014 WL 3894359, at *4 (M.D.N.C. Aug. 8, 2014) (concluding that unsworn document failed to qualify as competent evidence). Conversely, "Bryant Dennings" executed the IFP Affidavit under penalty of perjury. (See Docket Entry 7 at 1-2.) More importantly, a notary witnessed the signature of "Bryant Dennings" on the IFP Affidavit. (See id. at 2.) Furthermore, immediately below such notarized signature appears the Albemarle Correctional Institution Accountant's certification that the "Petitioner/Defendant named above has the sum of $0.01 on account in his/her credit at this Institution where he/she is housed." (Id.) This amount matches the amount on the accompanying "North Carolina Department of Public Safety Trust Fund Account Statement" for the "Dennings, Bryant T." account at Albemarle Correctional Institution. (See Docket Entry 6 at 1.) Indeed, multiple "North Carolina Department of Public Safety Trust Fund Account

6

Statement[s]" for the "Dennings, Bryant T." account appear in the record, each bearing the same identification number (0695992) as the Complaint and as the envelope in which Plaintiff submitted the Refund Motion. (<u>Compare</u> Docket Entry 3 at 1-7, <u>and</u> Docket Entry 6 at 1, <u>and</u> Docket Entry 1 at 1-2, 10, <u>with</u> Docket Entry 14-1 at 1 (identifying sender as "Bryant Dennings 0695992").)

Additionally, the Refund Motion reflects Plaintiff's awareness of both the nature of the Complaint, filed in July 2016[3] (<u>compare</u> Docket Entry 1 at 2, <u>with</u> Docket Entry 14 at 1), and the identity of the Deputy Clerk who issued Notice of the Recommendation to Plaintiff in October 2016 (<u>compare</u> Docket Entry 12 at 1, <u>with</u> Docket Entry 14 at 1). The Refund Motion does not explain, however, why Plaintiff waited until May 2017 to raise this alleged fraud rather than alerting the Court earlier, as, for instance, in response to the October 2016 Recommendation and Notice or in an appeal from the November 2016 Judgment dismissing this action. (<u>See generally</u> Docket Entry 14.) Under these circumstances, the unsworn Refund Motion fails to prove by clear and convincing evidence that "someone or other prisoner forged [Plaintiff's] name and signature to file this 42:1983" (<u>id.</u> at 1), precluding Rule 60(b)(3) relief, and similarly fails to establishes the "truly extraordinary circumstances" required for Rule 60(b)(6) relief.

---

3 The Complaint bears the date of June 27, 2016. (<u>See</u> Docket Entry 1 at 10.)

## CONCLUSION

Plaintiff fails to justify Rule 60(b) relief.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Refund Motion (Docket Entry 14) be denied.

This 22nd day of August, 2017.

                                              /s/ L. Patrick Auld
                                                  **L. Patrick Auld**
                              **United States Magistrate Judge**